George P. Anderson et al. *vs.* D. C. Williams, Administrator, &c.

The rights of equitable owners of securities for the payment of money are, to a limited extent, recognized in courts of law, and every aid is given to them

Anderson et al. *v.* Williams.

not inconsistent with their settled modes of proceeding; but in all such cases, the distinction between legal and equitable rights is rigidly observed.

In all cases at law, the party possessing the mere equitable title is not permitted to sue in his own name, but is compelled to use that of the party having the legal title.

It is settled, that a party cannot plead any matter to a *scire facias* on a judgment which existed prior thereto, or which he might have pleaded to the original action.

The record having been read to the jury without any objection, and no bill of exceptions taken at the term, it is presumed that the action of the circuit court is correct.

In error from the circuit court of Panola county; Hon. Hugh R. Miller, judge.

The facts are contained in the opinion of the court.

*D. C. Glenn,* for appellants.

*Watson* and *Craft,* for appellee.

*J. F. Cushman,* on the same side.

Mr. Chief Justice SMITH delivered the opinion of the court.

Duncan C. Williams, administrator, with the will annexed, of Robert H. Patillo, sued a *scire facias* to have execution of a judgment rendered in the circuit court of Panola county in favor of said Patillo, against the plaintiffs in error.

In the court below, the defendants filed several special pleas; the plea of *nul tiel record,* and a plea of payment. The special pleas were demurred to, and the demurrer was sustained; the issue upon the plea of *nul tiel record* was determined in favor of the plaintiff, and the jury returned a verdict for him on the plea of payment.

It is now, in the first place, insisted, that the court below erred in sustaining the demurrer to the said special pleas.

These pleas allege, in substance, that Patillo, to whom the instrument on which the original judgment was recovered was executed, had no beneficial interest therein; that it was made to him as the agent of McKewen, King & Co.; that the judgment was recovered and held by Patillo, as such agent or trustee, for

58 *

them; that, at the time of his death, he had no interest in the judgment, except as such agent or trustee; and that the plaintiff was seeking to collect the judgment for his own benefit, and without the knowledge or authority of the owners.

The rights of the equitable owner of the various securities for the payment of money are, to a limited extent, recognized in courts of law, and every aid is given to them not inconsistent with their settled modes of procedure. But in all cases where such assistance is given, the distinction between the legal title and the equitable right is rigidly observed. Hence, in no case at law has a party possessing a mere equitable title been permitted to sue in his own name, but has always been compelled to use that of the party having the legal title. *Welch* v. *Mandeville*, 1 Wheat. R. 233; 13 S. & M. 567. Not inconsistent with this principle, the right of an equitable assignee to use the name of the person holding the legal title for the collection of the money, may be investigated in a court of law, or, in other words, the equitable title of the usee, in an action at law founded upon a note, bill, or bond, may be put in issue; and a recovery will be defeated, if found not to exist. *McHenry* v. *Ridgley*, 2 Scam. 309; *Chadsey* v. *Lewis*, 1 Gilman, 153; 2 How. R. 642. But it would be a manifest departure from this doctrine, to permit a recovery upon the legal title to be defeated in an action at law upon the direct and isolated allegation of an equitable title in another.

Patillo, being the legal owner of the instrument upon which the original judgment was recovered, was, therefore, the party in whose name alone the suit could have been maintained. Hence, the fact that McKewen, King & Co. were the beneficial or equitable owners of the money, for the recovery of which suit was brought, could not have been set up as a bar to the action. And if such equitable title in McKewen, King & Co. constituted no defence to the original action, it was not more available as a bar to a judgment for the plaintiff upon the *scire facias*.

If, however, it were contended, that this matter was a valid defence to the action by Patillo against the plaintiffs in error, it is clear that it was none in this proceeding. It is settled doc-

trine, that the defendant cannot plead any matter to a *scire facias* on a judgment which existed prior thereto, or which he might have pleaded to the original action. And this matter, if true at all, of necessity existed anterior to the original judgment. 1 Robertson, Pr. 585; 8 Johns. R. 78; 13 S. & M. 551.

The additional allegation is made, that Patillo had no interest in the judgment, which he recovered as the agent, and held it as such at the time of his death for the real owners, McKewen, King & Co.; and the plaintiff in the *scire facias*, without their knowledge or authority, was seeking to collect it for his own benefit.

This allegation in nowise strengthened the defence. Upon the ·death of Patillo, his legal title to the judgment vested in his representative, in whose name alone the judgment could be revived. The observations above made show clearly, that the *scire facias* could not be defeated by an averment and proof of the equitable interest of McKewen, King & Co.; and that the plaintiff was proceeding without their authority. McKewen, King & Co. could have no interest in preventing a revival of the judgment; and if their rights were disputed or endangered by the plaintiff in the *scire facias*, their remedy would be found in another forum. There was, therefore, no error in the decision sustaining the demurrer to the special pleas.

It is next insisted, that the issue on the plea of *nul tiel record* should have been determined for the defendants below. But, in looking into the record, we find nothing by which the judgment on that plea can be impeached.

The record which, in argument, is said to have been improperly introduced under the plea of *nul tiel record*, was read, if read at all, without objection; consequently, there was no bill of exceptions taken to its introduction, by which it was set out, and in that way made a part of the record, which, as it stands, is perfectly silent in regard to the evidence on which the determination of the court was based. We are bound, therefore, to presume that such determination was correct.

Judgment affirmed.